IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01614-RBJ

DOUGLAS A. GLASER,

    Applicant,

v.

GARY WILSON,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Douglas A. Glaser, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Glaser has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking dismissal of the criminal charges pending against him in the District Court for the City and County of Denver and his release from custody. The Court must construe the application liberally because Mr. Glaser is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

**I. Background and State Court Proceedings**

Mr. Glaser originally was arrested on February 14, 2005, and "the procedural history of [his criminal] case is extraordinarily 'tortured and star-crossed.'" *People v. Glaser*, 250 P.3d 632, 635 (Colo. 2010). This procedural history includes, "[a]mong other things, eight rescheduled trial dates, two mistrials, three replacements of defense

counsel (including one because of a suicide and another because of a mental breakdown mid-trial), one interlocutory appeal by the prosecution, and two petitions to the supreme court by defendant." *Id.* On January 21, 2010, after the trial court dismissed the charges against Mr. Glaser on state and federal constitutional speedy trial grounds, the Colorado Court of Appeals reversed that order and remanded the case with directions to reinstate the charges. *See Glaser*, 250 P.3d at 632. On November 15, 2010, the Colorado Supreme Court denied Mr. Glaser's petition for certiorari review. The mandate issued on December 22, 2010.

On January 11, 2011, the trial court granted the prosecutor's motion for an arrest warrant for Mr. Glaser. *See* Answer at 12. Mr. Glaser was arrested on April 2, 2011, in Atlanta, Georgia, and appeared in custody in Denver District Court on April 25, 2011. *Id.* Mr. Glaser's trifurcated criminal case is currently set for jury trial on a possession of weapon by previous offender charge on November 1, 2011, jury trial on securities fraud charges on January 3, 2012, and jury trial on criminal impersonation charges on January 10, 2012. *Id.* at 13.

Mr. Glaser filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court on June 20, 2011. In the Application, he asserts the following claims:

1. His pending criminal case must be dismissed for violations of speedy trial under the Colorado state and federal constitutions, as well as the Colorado state statute;

2. Double jeopardy bars prosecution of certain charges against him, based on the joinder statute and a Douglas County plea agreement;

3. Government officials falsified evidence and committed perjury in order to obtain search warrants and procure a grand jury indictment;

4. His previous incarceration was based on an unconstitutional condition of bond and he lost his house due to a spurious government lien, after which he was unable to retain his private counsel;

5. Double jeopardy bars his retrial because no manifest necessity existed to declare a mistrial when the jury deadlocked or when his counsel was unable to proceed because of his mental condition; and

6. He is entitled to declaratory relief because the prosecution's evidence is insufficient to convict him and there is evidence of personal animus towards him by government officials.

As relief, Mr. Glaser requests that the Court dismiss all state court criminal charges in Denver District Court Case No. 2000-CR-3986 and release him from custody.

On July 18, 2011, the Court directed Respondent to show cause why the Application should not be granted. Respondent filed an Answer on September 14, 2011. Mr. Glaser filed a Reply on September 21, 2011. In the Answer, Respondent argues that the Application should be dismissed pursuant to the *Younger* abstention doctrine. In the alternative, Respondent argues that Mr. Glaser has failed to exhaust state court remedies for his claims.

**II.     *Younger* Abstention**

Mr. Glaser has previously sought habeas corpus relief in this Court seeking dismissal of the pending criminal charges. *See Glaser v. Wilson*, No. 11-cv-01335-LTB (D. Colo. June 9, 2011); *Glaser v. Lovinger*, No. 07-cv-00843-LTB-BNB (D. Colo. Mar. 3, 2008). In both of the prior habeas corpus actions, the Court abstained from exercising jurisdiction in accordance with *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the application without prejudice. For the reasons discussed below, the

Court finds that *Younger* abstention again is appropriate and will dismiss this action without prejudice.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 37; *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

In this case, the first condition is met because Mr. Glaser alleges that the charges remain pending against him in state court. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Glaser fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims. In fact, it is apparent that Mr. Glaser has taken advantage of the opportunity to present at least his federal constitutional speedy trial claim in the state court proceedings. *See, e.g., Glaser*, 250 P.3d 632. The fact that Mr. Glaser's efforts to have the criminal charges against him dismissed so far have been unsuccessful does not mean that he has not

had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Glaser "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Glaser will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Glaser's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Mr. Glaser argues "the prosecution has fabricated evidence to obtain search warrants, utilized that evidence to unconstitutionally deprive Petitioner of his liberty after posting a $750,000 [bond], committed perjury at the grand jury to indict Petitioner . . . ." Application at 12.  He also asserts that "the government has continually abused the

5

judicial system in a way to harass and illegally imprison Petitioner." *Id.* at 13. Mr. Glaser argues that the prosecution obtained illegal search warrants in order to harass him as follows:

> Applicant was the victim of a hit and run traffic accident February 20, 2005. Responding Denver Police Officer Dalvit responded to the scene. Dalvit states that Applicant identified himself as Michael Douglas Glaser and presented a U.S. Passport to this affect [sic]. Applicant produced proof of insurance and vehicle registration all in Applicant's name, Douglas Alan Glaser. Applicant was released from the scene. Dalvit states that he ran a query in the name of Michael Douglas Glaser and there was no record found, . . . . Dalvit then states that he ran Applicant's vehicle license plate and found Douglas A. Glaser, 2720 E. 4th Ave, Denver, CO 80206. This affidavit was utilized to obtain a search warrant for the alleged fictitious Passport in the name of Michael Douglas Glaser.

Response at 4.

Mr. Glaser argues that a "CBI report" attached to Respondent's Answer "clearly shows" that the government did not "conduct a search or query into the name Michael Douglas Glaser as stated by Officer Dalvit." Response at 5. Therefore, he concludes that "[o]fficials involved in this fishing expedition abused their position of trust, and misled a Denver judge with false statements of fabricated evidence for the purpose of securing search warrants without probable cause." *Id.* at 17. He further argues that "the government agents have acted with malice and a personal animus against petitioner to illegally deprive him of his liberty, property, and constitutional rights." Application at 15.

The Court has reviewed the Colorado Bureau of Investigation (CBI) report, which is attached to the Respondent's Answer at Exhibit Q. The CBI report demonstrates that Officer Dalvit performed the following name searches on February 20, 2005: Michael Douglas, Douglas Glaser, Douglas M. Glaser, Michael Glaser, and Douglas A. Glaser. Answer at Ex. Q, p. 3. Because it appears that Officer Dalvit performed multiple

combinations of name searches in order to locate Mr. Glaser, the Court finds no factual support in the record for Mr. Glaser's argument that the government invented the story of a fake passport in the name of Michael Douglas Glaser in order to obtain an illegal search warrant. Likewise, the Court can find no support for Mr. Glaser's argument that government officials lied to the grand jury, or that the behavior of the government officials was malicious.

In the Application, Mr. Glaser presents numerous unsupported accusations, conclusory allegations and attempts to establish factual discrepancies in the testimony of witnesses at the grand jury proceeding. The Application appears to be an attempt on Mr. Glaser's part to argue his criminal case to this court. However, none of these allegations establish the special circumstances that would overcome the presumption of *Younger* abstention. *See Younger*, 401 U.S. at 46. Having reviewed the record, the Court finds that Mr. Glaser has failed to demonstrate any improper motivation for the criminal charges pending against him. *See Phelps*, 122 F.3d at 889. Moreover, the Court can find no indication that the criminal case against Mr. Glaser has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. *Id.* Mr. Glaser has not overcome his "heavy burden" to overcome the bar of *Younger* abstention because he has failed to do more than set forth conclusory "allegations of bad faith [and] harassment." *Id.* at 890. Therefore, because none of the factors set forth by the Tenth Circuit in *Phelps* are present here, the Court finds that *Younger* abstention is appropriate in this action. *See id.*

In summary, Mr. Glaser does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court

criminal proceedings. If Mr. Glaser ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

## III.   Conclusion

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to the *Younger* abstention doctrine. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 1st day of November, 2011.

BY THE COURT:

*[signature]*

R. BROOKE JACKSON
United States District Judge